# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS RIVERA,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL, Warden<br><br>    Respondent. | Case No. ED CV 20-1385-DSF (SP)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## INTRODUCTION

On July 13, 2020, petitioner Jesus Rivera, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner seeks to challenge his June 13, 2013 state convictions for lewd or lascivious acts with a minor. Pet. at 2.

On July 16, 2020, this Court, having screened the Petition, dismissed it with leave to file a First Amended Petition by August 17, 2020. Among other problems, the Petition indicated petitioner intended to file it in the California Superior Court and raised a non-cognizable claim for relief. Petitioner was cautioned that failure to file an amended petition would result in a recommendation that the case be dismissed without

prejudice for failure to prosecute. To date, petitioner has not filed an amended petition in compliance with the Court's Order, and has not communicated with the Court since filing the Petition.

Petitioner has failed to prosecute this action, in contravention of the local rules and court order. Additionally, petitioner's first claim does not present a cognizable claim for federal habeas relief. As such, this action will be dismissed without prejudice.

## II.

## **DISCUSSION**

### A. Petitioner Has Failed to Prosecute This Action

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court). When determining whether to dismiss a case for failure to comply with a court order, the district court weighs five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (internal quotation marks omitted).

As an initial matter, it is not clear that petitioner intended to file the Petition in federal court. The Petition's caption area names the court in which he is filing the Petition as "the Riverside County Superior Court, State of California." Pet. at 1. As the Court noted in its July 16, 2020 Order, that is a state court, not this Court. In

addition, the Petition was not submitted on this Court's approved form (that is, form CV-69) as required by Local Rule 83-16.1, but rather a state form. Accordingly, in the July 16, 2020 Order, the Court ordered petitioner to file an amended petition on the approved CV-69 form no later than August 17, 2020, and attached a blank form for this purpose. The Court warned petitioner that failure to timely file an amended petition may result in dismissal without prejudice for failure to prosecute. Nevertheless, petitioner did not comply with the July 16, 2020 Order.

Petitioner's conduct indicates he does not intend to prosecute this case diligently, or at all, causing this action to languish, and impermissibly allowing petitioner to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the respondent here has not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, petitioner has not offered any excuse for his failure to adequately respond to the Court's order. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the Court's

July 16, 2020 Order dismissing with leave to amend, petitioner has not discharged this responsibility. Additionally, as will be discussed below, the Court cannot hear at least one of petitioner's claims on the merits because it is not a cognizable claim for federal habeas relief. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to respond to the Court's Order or move the case forward.

The fifth factor, the availability and consideration of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured[,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (internal quotation marks omitted). Warning the petitioner that failure to obey a court order will result in dismissal "can itself suffice to meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001).

In this case, the Court attempted to avoid dismissal by: (1) advising petitioner of the Petition's deficiencies and granting petitioner leave to file an amended petition; (2) in the July 16, 2020 Order, cautioning petitioner that failure to timely file an amended petition would result in a recommendation of dismissal for failure to prosecute; and (3) waiting several months beyond the August 17, 2020 deadline to issue this dismissal order. In addition, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, and because the Court warned petitioner of the consequences of his failure to respond, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the Petition without prejudice is warranted for failure to prosecute and to obey the Court's Order.

### B. Petitioner's Claim Concerning State Sentencing Law Is Not Cognizable

A state prisoner is entitled to federal habeas relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67 (internal quotation marks omitted).

Here, petitioner's first claim – that his case should be remanded to the Superior Court to address an issue of state sentencing law – is a claim involving state law, not federal law, and as such does not present a cognizable claim for federal habeas relief. *See Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1994) ("A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on state courts." (internal quotation marks omitted)). Accordingly, petitioner's first claim is not cognizable for purposes of federal habeas review. /

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition and dismissing this action without prejudice.

DATED: March 15, 2021

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

5